Pennington, J.
The act of Assembly in respect to a bill of particulars of a physician’s account, is very deficient, as to the time of delivery; it is reasonable that it should be delivered before the commencement of the suit, but the act does not require it; it ought, however, to be delivered time enough before trial, for the defendant to examine it, and have it taxed; and it was so in this case, and therefore the judgment ought not to be disturbed on that ground. As to the declarations of the wife of the defendant below, it is a general rule that the declarations of the wife shall not be given in evidence against her husband, but there are exceptions to this rule; the declarations of the wife, while she is acting as agent or attorney for her husband relative to the subject matter, and accompanying the act of agency, would certainly be good evidence against the husband, although her declarations on the same subject, made after the [*] transaction, would not. It is every day’s practice to admit in evidence any thing said in the presence of the party, and uncontradicted by him, and whether this is said by a stranger, by the wife of the party, or even by the opposite party himself, it makes no difference. In this point of view I think the testimony admissible. I do not think it was correct in the plaintiff below to talk to the constable relative to the juryman, but no doubt can be entertained that a constable, before he returns the venire may strike one name out of the panel and put in any other; it is his duty to get an impartial jury, and if he finds that he has not summoned proper men, he may, before the return of the venire, correct it, but he ought not to do this on the suggestion or representations of either party. [501] There is also a wide difference between striking the name of a juryman out of the panel, and that of putting a name on at the suggestion of a party; however, whatever was done in this respect was known to the defendant below before the jury were sworn, he should then have made *255 his challenge; it is too late, after trial, verdict and judgment, to make this objection.
Rossell, J.
Besides what has already been said, it appears by the affidavit of the constable that the attorney of the defendant had been consulted as to the juryman, and had approved of the measure.
Kirkpatrick, C. J.
Gave no opinion, being related to Dr. M’Eowen, the plaintiff below.
Judgment affirmed.